NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MINNESOTA, <br><br> Defendant-Appellee. | No.  18-55899 <br><br> D.C. No. 2:16-cv-07042-DMG-AFM <br><br><br> MEMORANDUM* |
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MINNESOTA, <br><br> Defendant-Appellee. | No.  18-56246 <br><br> D.C. No. 2:17-cv-05320-DMG-AFM |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 7, 2019

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,** District Judge.

On separate dates between 2013 and 2016, nine patients received medical care in California. Eight received care at La Peer Surgery Center ("La Peer"), and one received care elsewhere from Dr. Sanjay Khurana. Neither provider was paid to its satisfaction. They assigned their nonpayment and underpayment claims to Healthcare Ally Management of California, who then twice sued Blue Cross Blue Shield of Minnesota ("Blue Cross") in the U.S. District Court for the Central District of California. The court dismissed both lawsuits for lack of specific personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The patients' insurance contracts are insufficient to create specific personal jurisdiction. This case is materially different from *Hirsch v. Blue Cross, Blue Shield of Kansas City*, where we determined jurisdiction existed over the defendant insurance company. 800 F.2d 1474, 1482 (9th Cir. 1986). Unlike the plaintiffs in *Hirsch*, who obtained insurance from the defendant while they resided in the forum state, *id.* at 1476–77, 1479, six of the nine patients here were covered under plans administered -- but not insured -- by Blue Cross, and the other three patients were

---

** The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

insured through Blue Cross plans issued in Minnesota to Minnesota residents. At best, these relationships constitute merely "attenuated" connections between Blue Cross and California and are insufficient evidence of purposeful availment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)).

2. The phone calls between La Peer and Blue Cross also are insufficient evidence of purposeful availment. La Peer initiated the calls; Blue Cross did not "reach[] out" into California. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quoting *Burger King*, 471 U.S. at 479). Moreover, Blue Cross did not promise to pay for the patients' medical services during these calls, but instead merely confirmed that the patients were covered by the policies.

3. The denial-of-benefits letter mailed by Blue Cross to Dr. Khurana is insufficient to create jurisdiction, too. In denying Khurana's request for payment, Blue Cross did not create a meaningful connection with California. *See Walden*, 571 U.S. at 285–86; *Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1248 (9th Cir. 1984).

**AFFIRMED.**

18-55899